UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

WELLS FARGO BANK NA,

                Plaintiff,

                                                             Case No. 24-cv-0835-bhl

      v.

PATRICK FITZGERALD, BRITTANY
FITZGERALD and DISCOVER BANK,

                Defendants.
_____

## ORDER DENYING MOTION TO REMAND
_____

        Plaintiff Wells Fargo Bank NA (Wells Fargo) is a bank headquartered in Charlotte, North Carolina. (ECF No. 1-1 at 22.) Defendants Patrick and Brittany Fitzgerald are homeowners in Cedarburg, Wisconsin. (*Id.*) On March 15, 2024, Wells Fargo Bank commenced a foreclosure lawsuit against the Fitzgeralds (and another of their creditors, Discover Bank) in Washington County Circuit Court. (*Id.*) On July 3, 2024, well past the 30-day procedural deadline for removal, *see* 28 U.S.C. §1446(b)(1), the Fitzgeralds removed the case to this Court. (ECF No. 1 at 1, 4.) Wells Fargo responded more than 60 days later, on September 6, 2024, by moving to remand the case, insisting that the Fitzgeralds' removal was untimely and arguing that the Court lacked subject matter jurisdiction. (ECF Nos. 5 & 6.)

        Wells Fargo's arguments for remand are only partially correct and ultimately fail. The record confirms that the Fitzgeralds' notice of removal was indeed untimely and that the notice was procedurally defective in at least two other ways. Unfortunately for Wells Fargo, it waived any right to challenge these procedural defects by failing to raise them within 30 days of the filing of the notice of removal. 28 U.S.C. §1447(c). As a result, this Court can only grant Wells Fargo's request for a remand if subject matter jurisdiction is lacking, an issue that is not subject to waiver. On this issue, Wells Fargo is correct that there is no federal question jurisdiction over the foreclosure action, but it ignores that the Fitzgeralds have also invoked the Court's diversity jurisdiction. Because the parties appear to be citizens of different states and the complaint satisfies

the amount-in-controversy requirement, the Court cannot remand the case for lack of subject matter jurisdiction. Accordingly, Wells Fargo's motion to remand will be denied.

## ANALYSIS

A state court defendant can remove a civil action to federal court only if the federal court has original jurisdiction over the action. 28 U.S.C. §1441(a). When jurisdiction is lacking, the district court must remand the case to state court. §1447(c). As the proponent of federal jurisdiction, a removing defendant bears the burden of establishing jurisdiction. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 103–04 (1998); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). And, given the federalism interests at play, the Seventh Circuit has instructed courts to "interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur*, 577 F.3d at 758. Wells Fargo argues this case must be remanded to the state court because (1) the Fitzgeralds' removal is untimely and (2) there is no subject matter jurisdiction sufficient to support removal. (ECF No. 6.)

**I.      Wells Fargo Has Waived Its Untimeliness Argument, Along with Any Other Procedural Defects in the Fitzgeralds' Notice of Removal.**

Wells Fargo's lead argument is that the Fitzgeralds' removal is untimely. (ECF No. 6 at 2–3.) The bank points to 28 U.S.C. §1446(b)(1), which "requires a notice of removal to be filed 'within 30 days after . . . service of the summons upon the defendant . . . .'" (*Id.* at 2.) Given that the Fitzgeralds did not file their notice of removal until July 3, 2024, more than three months after they were served with the state court complaint, Wells Fargo insists that their attempt at removal is untimely. (*Id.* at 2–3.)

Wells Fargo is correct that a state court defendant generally has 30 days from receipt of a complaint to remove a case to federal court. But Wells Fargo ignores its own failure to comply with statutory timelines. Under 28 U.S.C. §1447(c), a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." The Fitzgeralds' failure to comply with the deadline in Section 1446(b) is a mere procedural failure; it is not jurisdictional. *See In re Mut. Fund Market-Timing Litig.*, 495 F.3d 366, 368 (7th Cir. 2007). Accordingly, it can be waived. *See id.*; *see also* §1447(c). The Fitzgeralds filed their notice of removal on July 3, 2024, giving Wells Fargo until August 2, 2024 to challenge the notice on procedural grounds. (*See* ECF No. 1); *see also* §1447(c). But the bank did not file its motion to remand until September 6, 2024, more than a month too late.

(*See* ECF No. 5.) Accordingly, Wells Fargo has waived any right to object to the untimeliness of the Fitzgeralds' removal.

Though Wells Fargo does not address it, the Fitzgeralds' notice of removal is also procedurally defective in two other ways. Valid removal generally requires the consent of *all* defendants (otherwise known as the unanimity rule). *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir. 1982) (citing *Chi., Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900)); §1446(b)(2)(A). Yet, Discover Bank has not consented to removal. (*See* ECF No. 1 at 8.) On January 27, 2025, the Court ordered supplemental briefing on this issue. (ECF No. 8.) Wells Fargo admits that Discover Bank has defaulted but maintains that Discover Bank's failure to consent to removal warrants a remand. (ECF No. 9.) The Fitzgeralds contend that, because Discover Bank defaulted, it is a nominal party and its consent was unnecessary. (ECF No. 10.) In the end, this issue is irrelevant; even if Discover Bank would have been required to join in the removal, this is another procedural defect that Wells Fargo has waived. *See Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); *Pettitt v. Boeing Co.*, 606 F.3d 340, 342–43 (7th Cir. 2010); *Townsquare Media, Inc. v. Brill*, 652 F.3d 767, 770 (7th Cir. 2011). The Fitzgeralds' notice of removal also fails to comply with the forum defendant rule. Under this doctrine, a defendant cannot remove on the basis of diversity jurisdiction if the "defendants [are] citizen[s] of the State in which such action is brought." §1441(b)(2). Again, this failure is a procedural error, not a jurisdictional one. *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013). Accordingly, the Fitzgeralds' third procedural error is again not fatal to their removal. Therefore, the Court will only consider whether it has subject matter jurisdiction to consider the foreclosure action.

II. **While Wells Fargo Is Correct that Federal Question Jurisdiction Is Lacking, the Court Must Accept the Fitzgeralds' Invocation of its Diversity Jurisdiction.**

Wells Fargo's secondary argument for remand is based on a lack of subject matter jurisdiction. It claims federal question jurisdiction is lacking, citing the Fitzgeralds' notice of removal, which is entitled "Notice of Removal under Federal and Political Questions; With Notice of Choice of Law." (ECF No. 1.) Contrary to the title, Wells Fargo maintains there is no federal question jurisdiction here because the complaint "pleads a routine state law foreclosure action, refers to [Wis. Stat. §846.101(2)(c)1], and includes no claims arising under federal law." (ECF No. 6 at 3.) The record confirms that Wells Fargo's complaint asserts only state law claims and seeks "[j]udgment of foreclosure and sale of the mortgaged premises in accordance with Section

846.101(2)(c)1." (ECF No. 1-1 at 23.) Accordingly, Wells Fargo is correct that, under the well-pleaded complaint rule, there is no federal claim and thus no federal question jurisdiction. *See Rice v. Panchal*, 65 F.3d 637, 639 (7th Cir. 1995).

In response, the Fitzgeralds invoke *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308 (2005). (ECF No. 7 at 5–7.) They argue that the foreclosure complaint implicates substantial federal issues sufficient to support federal question jurisdiction under *Grable*. For example, the Fitzgeralds argue that the Purchase Money Mortgage and Note contain a clause which states the documents "shall be governed by federal law." (*Id.* at 6.) They also cite the Supremacy Clause of the U.S. Constitution. (*Id.*) The Fitzgeralds' attempt to use *Grable* to support federal question jurisdiction is without merit. The general rule is that a state court case can only be removed under the Court's federal question jurisdiction when the state court complaint asserts a federal law cause of action on its face. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). In *Grable*, the Supreme Court recognized a "special and small category" of cases that are an exception to this rule. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699–701 (2006) (citing *Grable*, 545 U.S. at 310–13). This exception is narrow; the Supreme Court has since emphasized that *Grable* jurisdiction is rarely appropriate. *See id.*; *see also Gunn v. Minton*, 568 U.S. 251, 258 (2013). Courts may exercise federal question jurisdiction over a state law claim under *Grable* only if the federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. Also, the *Grable* exception does not change the fundamental rule that the mere existence of a federal defense does not create federal question jurisdiction. *Chi. Trib. Co. v. Bd. of Trs.*, 680 F.3d 1001, 1003 (7th Cir. 2012).

The Fitzgeralds misunderstand the limited parameters of "embedded federal question" jurisdiction under *Grable*. A case does not arise under federal law, within the meaning of Section 1331 and *Grable*, simply because federal issues or defenses might be raised in connection with state law claims. *See Hartland Lakeside Joint No. 3 Sch. Dist. v. WEA Ins. Corp.*, 756 F.3d 1032, 1033–34 (7th Cir. 2014). Only where a plaintiff's right to relief "necessarily" depends on resolution of a "substantial" question of federal law is federal question jurisdiction available and removal appropriate. *Gunn,* 568 U.S. at 258. In other words, the presence of a federal issue is not enough; the federal question must be "baked into the middle" of the plaintiff's entitlement to relief.

*See Progressive Express Ins. Co. v. Harry's Truck Serv., LLC*, 688 F.Supp.3d 773, 778 (N.D. Ill. 2023). The Fitzgeralds' invocation of *Grable* fails because a foreclosure action does not depend on a question of federal law, substantial or otherwise. A state law claim necessarily raises a question of federal law within the meaning of *Grable* only if it is "impossible to decide" the state law claim without deciding a federal law issue. *See Hartland Lakeside*, 756 F.3d at 1035. That is simply not the case with any of the claims here. The merits of the claims rest on Section 846.101(2)(c)1, not federal law. The Fitzgeralds' reliance on federal question jurisdiction in their notice of removal was thus misplaced.

Wells Fargo's jurisdictional arguments fail, however, because, as the Fitzgeralds explain in their response brief, they have also invoked the Court's diversity jurisdiction in their notice of removal. (ECF No. 7 at 7.) Under the Court's diversity jurisdiction, it has the authority to consider and decide civil cases between citizens of different states if the amount in controversy is greater than $75,000. 28 U.S.C. §1332. An individual's domicile is the individual's "physical presence [in a state] while intending to remain there." *Sheneman v. Jones*, 682 Fed. App'x 498, 499 (7th Cir. 2017). And a bank is domiciled at its principal place of business and "the place listed on the bank's organization certificate where its 'operations of discount and deposit are to be carried on.'" *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 992 (7th Cir. 2001) (quoting 12 U.S.C. §22).

The record confirms that the notice of removal cites the Court's diversity jurisdiction. (ECF No. 1 at 4.) And, according to the complaint, Wells Fargo is domiciled in North Carolina; the Fitzgeralds are domiciled in Wisconsin; and Discover Bank is domiciled in Delaware. (ECF No. 1-1 at 22.) Thus, it appears that the parties are diverse. Further, the amount in controversy is $205,032.76 plus interest, well over the $75,000 minimum. (ECF No. 1-1 at 22–23.)

Wells Fargo generically disputes that diversity jurisdiction exists, but it offers no support for this contention. (ECF No. 6 at 4.) This is insufficient. If the bank has evidence that diversity is lacking, it must bring that evidence to the Court's attention. Absent evidence disproving diversity, the motion to remand must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Wells Fargo's Motion to Remand, ECF No. 5, is **DENIED**.

Dated at Milwaukee, Wisconsin on February 11, 2025.

                                            s/ *Brett H. Ludwig*
                                            BRETT H. LUDWIG
                                            United States District Judge