UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WELLS FARGO BANK NA,

        Plaintiff,

   v.                                                    Case No. 24-cv-0835-bhl

PATRICK FITZGERALD, BRITTANY
FITZGERALD and DISCOVER BANK,

        Defendants.

## ORDER ON WELLS FARGO'S MOTION TO CLARIFY AND THE FITZGERALDS' MOTION TO RESTRICT

        On March 15, 2024, Wells Fargo Bank NA commenced a foreclosure lawsuit against Patrick and Brittany Fitzgerald (and another of its creditors, Discover Bank) in Washington County Circuit Court. (ECF No. 1-1 at 22.) The Fitzgeralds removed the case to this Court on July 3, 2024. (ECF No. 1.) Following a failed motion to remand, the Court held a scheduling conference on April 11, 2025 and issued a Scheduling Order. (ECF Nos. 24–26.) At the time of the scheduling conference, the Fitzgeralds had not yet answered. They had, however, filed a number of motions and a "Request for Declaratory Judgment." (ECF Nos. 13–17.) The Court denied the Fitzgeralds' motions at the scheduling conference, but it did not address the Request for Declaratory Judgment. (*See* ECF Nos. 24 & 25.) On April 21, 2025, the Fitzgeralds answered the complaint. (ECF No. 27.) On April 25, 2025, the Fitzgeralds filed a separate a counterclaim, which includes a request for declaratory relief under 28 U.S.C. §2201. (ECF No. 30.) This Order addresses two subsequently filed motions.

        Wells Fargo has asked the Court to clarify whether Wells Fargo needs to respond to the Fitzgeralds' "Request for Declaratory Relief." (ECF No. 28.) Given that the Fitzgeralds had not responded to the underlying foreclosure complaint at the time they filed their "Request," the Court concludes that the Request is legally improper and without effect. Accordingly, Wells Fargo is

not required to respond to it. Wells Fargo must answer to the Fitzgeralds' April 25, 2025 counterclaim, however, consistent with Federal Rule of Civil Procedure 12(a)(1)(B).

The Fitzgeralds have also filed a motion to restrict public access to an affidavit. (ECF Nos. 29 & 31.) As an initial matter, it is unclear why this affidavit was filed with the Court. The filing does not appear to relate to any pending motion. It appears that the Fitzgeralds may wish to use the affidavit and its attachments in the course of defending against the bank's claims. But unless and until the documents are relevant to a pending motion, they should not be filed on the docket. To the extent the Fitzgeralds are using the docket to disclose discoverable information to Wells Fargo, that is also improper. Discovery materials are to be sent to the opposing party, not filed with the Court. *See* Fed. R. Civ. P. 5(d). The Fitzgeralds are admonished not to clutter the docket with unnecessary or frivolous filings. Moreover, as a substantive matter, documents filed with the Court are presumed to be public. *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009). The Court does not adjudicate matters in secret. *See Goesel v. Boley Intern. (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). While matters containing sensitive personal or commercial information can be filed with restricted access, the Court has reviewed the affidavit and its exhibits and finds nothing sensitive in the filing. The Fitzgeralds' motion to restrict will be denied. Accordingly,

**IT IS HEREBY ORDERED** that Wells Fargo's Request for Clarification, ECF No. 28, is **GRANTED**. Wells Fargo need not answer the Fitzgeralds' April 3, 2025 Request for Declaratory Judgment, ECF No. 17, but must respond to the Fitzgeralds' pending counterclaim, ECF No. 30.

**IT IS FURTHER ORDERED** that the Fitzgeralds' Motion to Restrict, ECF No. 29, is **DENIED**.

Dated at Milwaukee, Wisconsin on May 2, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge