UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WELLS FARGO BANK NA,

        Plaintiff,

   v.                                                         Case No. 24-cv-0835-bhl

PATRICK FITZGERALD, BRITTANY
FITZGERALD and DISCOVER BANK,

        Defendants.

## ORDER GRANTING MOTION TO DISMISS

       This case began as a state-law foreclosure action filed in Washington County Circuit Court. Plaintiff Wells Fargo Bank NA sued Defendants Patrick and Brittany Fitzgerald (along with Defendant Discover Bank, which also holds an interest in the property), alleging that the Fitzgeralds defaulted on their mortgage payments. (ECF No. 1-1 at 22.) The Fitzgeralds responded to the bank's foreclosure action in two ways. First, they filed a federal lawsuit against Wells Fargo, challenging the validity of their mortgage under a variety of dubious theories. *See* Complaint, *Fitzgerald v. Wells Fargo*, No. 24-cv-0548-bhl (E.D. Wis. May 6, 2024), ECF No. 1. The Court dismissed that effort, concluding the Fitzgeralds' legal theories were without merit. *See* Dismissal Order, *Fitzgerald v. Wells Fargo*, No. 24-cv-0548-bhl, ECF No. 17 at 5. The Fitzgeralds also responded by removing the bank's foreclosure action to this Court. (ECF No. 1.) After the Court rejected Wells Fargo's request for a remand as untimely, the Fitzgeralds filed a series of counterclaims. (ECF Nos. 11 & 30.) Wells Fargo has now moved to dismiss the counterclaims on grounds that they are barred by the Court's dismissal of the Fitzgerald's prior federal lawsuit. (ECF No. 33 at 4–6.) Because the Fitzgeralds have already unsuccessfully litigated these claims and lost on the merits, the doctrine of claim preclusion prevents them from relitigating the same theories as counterclaims in this lawsuit. Accordingly, the bank's motion to dismiss will be granted.

# BACKGROUND[1]

The Fitzgeralds are a married couple residing in Wisconsin. *See* Complaint, *Fitzgerald v. Wells Fargo*, No. 24-cv-0548-bhl, ECF No. 1 at 2. Wells Fargo provides mortgage loans and related services to, among others, Wisconsin residents. *Id.* at 3. In 2019, Wells Fargo provided the Fitzgeralds with a mortgage loan secured by their home located at 860 State Road 60, Cedarburg, Wisconsin, 53012. (ECF No. 33-3.) The Fitzgeralds have since refused to make payments on the loan, ostensibly on grounds that the loan and mortgage were in some way fraudulent. (ECF No. 30.)

To invalidate their mortgage, the Fitzgeralds filed a lawsuit against Wells Fargo in this Court under four separate theories: that Wells Fargo violated Wis. Stat. §943.20, Section 2-302 of the Uniform Commercial Code, and 18 U.S.C. §1021, and that Wells Fargo wrongfully foreclosed on their home. Complaint, *Fitzgerald v. Wells Fargo*, No. 24-cv-0548-bhl, ECF No. 1. Wells Fargo moved to dismiss all four claims, arguing that the Fitzgeralds failed to a state a claim upon which relief could be granted. Motion to Dismiss, *Fitzgerald v. Wells Fargo*, No. 24-cv-0548-bhl, ECF No. 11. The Court granted the motion, holding that all four claims were without merit. Dismissal Order, *Fitzgerald v. Wells Fargo*, No. 24-cv-0548-bhl, ECF No. 17 at 2–5. The dismissal order did not give the Fitzgeralds' leave to amend, as the Court concluded it would be futile. The Court explained that "[a] bald desire to avoid one's contractual obligations is not a valid legal theory or justification for pursuing a federal lawsuit." *Id.* at 5. The Court instructed the Fitzgeralds to focus on defending the foreclosure action instead of attempting to bring their own claims against Wells Fargo. *Id.*

The Fitzgeralds now bring several counterclaims (largely recycled from their previous lawsuit) to try to invalidate their mortgage. Specifically, they seek a declaratory judgment under 28 U.S.C. §2201 and recoupment under 15 U.S.C. §1641(g) and Wis. Stat. §706.08. (ECF No. 30 at 2–3.) They also seek damages for Wells Fargo's alleged breach of contract, violations of the Uniform Commercial Code, unjust enrichment, fraudulent misrepresentations, slander of title, and violations of the Real Estate Settlement Procedures Act. (*Id.* at 3–4.) Wells Fargo seeks to dismiss the Fitzgeralds' counterclaims under the theory of claim preclusion. (ECF No. 33 at 4–6.)

---

[1] This Background is derived, in part, from the Fitzgeralds' counterclaims, (ECF No. 30), the allegations in which are presumed true when considering a motion to dismiss, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007). Further background comes from the Court's prior dismissal order, the contents of which are subject to judicial notice. *See Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1173 (7th Cir. 2010).

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). A complaint must contain a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff must, however, "do more than recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint survives a 12(b)(6) motion when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). A complaint will be dismissed if it fails to allege sufficient facts to state a claim on which relief may be granted. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ANALYSIS

Under Wisconsin claim-preclusion law, a final judgment on the merits in an action bars parties from relitigating a claim that arises out of the same relevant facts, transactions, or occurrences. *Kruckenberg v. Harvey*, 694 N.W.2d 879, 884 (Wis. 2005). Claim preclusion bars subsequent actions between the same parties for all matters that were or might have been litigated in the former proceeding. *Teske v. Wilson Mut. Ins. Co.*, 928 N.W.2d 555, 561 (Wis. 2019). Claim preclusion has three elements: (1) an identity of the parties; (2) a final judgment on the merits in the prior action; and (3) an identity of the causes of action. *Id.*

The Fitzgeralds "strenuously" oppose Wells Fargo's motion but largely fail to respond to the substance of Wells Fargo's arguments. (ECF No. 34 at 1.) They baldly assert that the bank's motion is a "textbook misapplication" of claim preclusion and call it "legally frivolous." (*Id.* at 1–2.) But the balance of the Fitzgerald's response demonstrates that they do not understand claim preclusion. They use the words "newly discovered evidence" and claim their counterclaims are "defensive in nature," but offer almost no arguments suggesting that the elements of claim preclusion under Wisconsin law are not present here. (*See id.* at 2.) The best the Fitzgeralds

muster is the assertion that their prior action was dismissed "without prejudice" and was therefore not a final judgment on the merits. (*Id.*) But this is a misstatement of the record. The Fitzgerald's prior case was dismissed for failure to state a claim under Rule 12(b)(6), Dismissal Order, *Fitzgerald v. Wells Fargo*, No. 24-cv-0548-bhl, ECF No. 17, and a dismissal for failure to state a claim is a dismissal with prejudice, *see Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 697 (7th Cir. 2015). A dismissal with prejudice results in a final judgment on the merits. *Phillips v. Shannon*, 445 F.2d 460, 462 (7th Cir. 1971).

The Fitzgeralds cite *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001), but that case does not support their position. *Semtek* addressed the preclusive effect of a federal court's dismissal order in a diversity action on statute of limitations grounds. *Id*. at 499. The Court held that the preclusive effect is determined based on the law of the state in which the federal court sits when the prior judgment was issued. *Id*. at 508–09. Because the dismissal order was issued by a federal court sitting in California and California law does not give preclusive effect to a dismissal on statute of limitations grounds, the Supreme Court held that a federal court in Maryland had improperly applied claim preclusion to a second lawsuit filed in that state. *Id*. at 509. *Semtek* does not help the Fitzgeralds here. This case does not involve a dismissal based on statute of limitations grounds. And the bank's claim preclusion argument is premised on Wisconsin law, the law of the state in which this Court sits. (*See* ECF No. 33 at 4–6.) Because the prior judgment was a final judgment on the merits, the Fitzgeralds are precluded under Wisconsin law from relitigating any claims brought in that lawsuit. *See Teske*, 928 N.W.2d at 561. Moreover, to the extent the Fitzgeralds disagreed with the Court's dismissal ruling, they were obliged to take an appeal. By declining to appeal, they are bound by the earlier decision. *In re Mut. Fund Market-Timing Litig.*, 468 F.3d 439, 443 (7th Cir. 2006).

The Fitzgeralds' insistence that their counterclaims are "defensive in nature, asserted solely in response to Wells Fargo's foreclosure action," confuses counterclaims with affirmative defenses. (ECF No. 34 at 2); *compare Counterclaim*, Black's Law Dictionary (12th ed. 2024) ("A claim for relief asserted against an opposing party after an original claim has been made."), *with Bell v. Taylor*, 827 F.3d 699, 705 (7th Cir. 2016) ("An affirmative defense is a defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true." (cleaned up) (quotations omitted)). To the extent the

Fitzgeralds have affirmative defenses against Wells Fargo's foreclosure action, they may pursue those theories at summary judgment or, if necessary, trial.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss, ECF No. 33, is **GRANTED** and the counterclaims are **DISMISSED.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Judicial Notice, ECF No. 35, is **DENIED without prejudice**.[2]

Dated at Milwaukee, Wisconsin on September 8, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[2] On May 17, 2025, the Fitzgeralds filed another motion for judicial notice. (ECF No. 35.) As the Court previously explained, this request is inappropriate and premature. (ECF No. 25 at 1.) Accordingly, the motion will *again* be denied and the Fitzgeralds are *again* warned not to clutter the docket with unnecessary filings. (*See* ECF No. 32.)