UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WELLS FARGO BANK NA,

        Plaintiff,

   v.                                                     Case No. 24-cv-0835-bhl

PATRICK FITZGERALD, BRITTANY
FITZGERALD and DISCOVER BANK,

        Defendants.

## ORDER GRANTING WELLS FARGO'S MOTION TO VOLUNTARILY DISMISS

        This case began as a state-law foreclosure action filed in Washington County Circuit Court. Plaintiff Wells Fargo Bank NA sued Defendants Patrick and Brittany Fitzgerald (along with Defendant Discover Bank, which holds an interest in the property), alleging that the Fitzgeralds defaulted on their mortgage payments. (ECF No. 1-1 at 22.) On July 3, 2024, the Fitzgeralds removed the foreclosure action to this Court. (ECF No. 1.) After the Court rejected Wells Fargo's request for a remand as untimely, the Fitzgeralds filed a series of counterclaims. (ECF Nos. 11 & 30.) On September 8, 2025, the Court granted Wells Fargo motion to dismiss the Fitzgeralds' counterclaims on the grounds that they were barred by the Court's dismissal of a prior federal lawsuit brought by the Fitzgeralds. (ECF No. 37.)

        Wells Fargo now moves to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2). (ECF No. 38.) Wells Fargo requests that the dismissal be without prejudice, and states that it intends to refile its complaint in state court following the dismissal of this action. (*Id.* at 4.) Rule 41(a) provides that a plaintiff may voluntarily dismiss a suit in three ways: by filing a notice of dismissal before the defendant files an answer or motion for summary judgment, by obtaining a stipulation of dismissal signed by all parties who have appeared, or by obtaining an order of the court. Because the Fitzgeralds have already answered the complaint, Wells Fargo may not dismiss this action without prejudice as a matter of right under Rule 41(a)(1)(A)(i). Wells Fargo reports that it has met and conferred with the Fitzgeralds, and they have declined to stipulate

to the dismissal under Rule 41(a)(1)(A)(ii) unless certain conditions were incorporated into the dismissal order. Wells Fargo objects to the inclusion of those conditions. The time for the Fitzgeralds to respond to Wells Fargo's motion has now expired, *see* Civ. L.R. 7(b) (E.D. Wis. 2010), and they have filed nothing in response. The Court will therefore consider whether dismissal without prejudice is appropriate under Rule 41(a)(2).

Under Rule 41(a)(2), an action may be dismissed at the plaintiff's request "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The purpose of the rule is to prevent voluntary dismissals that unfairly affect the opposing party. *See Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971). Dismissal without prejudice should be permitted unless the defendant will suffer "plain legal prejudice" as a result. *Wojtas v. Cap. Guardian Tr. Co.*, 477 F.3d 924, 927 (7th Cir. 2007); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988). The Seventh Circuit has delineated several factors that a district court may consider in making its determination as to whether a defendant will suffer legal prejudice. These factors include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969). While the *Pace* factors are helpful in assessing the parties' arguments, the Court need not resolve every factor in favor of the moving party in order to dismiss without prejudice, as the ultimate decision is within the Court's discretion. *Kovalic*, 855 F.2d at 474. As the plaintiff, Wells Fargo carries the burden of demonstrating that dismissal is warranted. *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994).

Wells Fargo asserts that there is no risk of prejudice to the Fitzgeralds and that all four *Pace* factors support dismissal. The Court agrees that there is no indication that the Fitzgeralds will suffer plain legal prejudice from dismissal of this action without prejudice. First, this case is still in the early stages. The Fitzgeralds have not yet engaged in any discovery, and their efforts thus far appear to have been focused on litigating their now-dismissed counterclaims. Nor is it likely that the Fitzgeralds have incurred significant expenses in litigating this matter, as they are proceeding *pro se*. Second, Wells Fargo diligently moved for voluntary dismissal immediately following the Court's dismissal of the Fitzgeralds' counterclaims. The Court agrees with Wells Fargo that the counterclaims would have complicated voluntary dismissal at an earlier stage. *See* Fed. R. Civ. P. 41(a)(2) ("If a defendant has pleaded a counterclaim before being served with the

plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."). Third, Wells Fargo's explanation for the dismissal is compelling—the Court agrees that this state-law foreclosure action would be more efficiently resolved in state court, where similar matters are routinely litigated. And fourth, the Fitzgeralds have not yet filed a motion for summary judgement.

In sum, the Court finds that there is no indication that the Fitzgeralds will suffer any prejudice aside from Wells Fargo refiling its claims in state court. And the Seventh Circuit has, on multiple occasions, held that a plaintiff's intent to file a second lawsuit on the same facts does not itself constitute plain legal prejudice precluding voluntary dismissal. *See, e.g.*, *Tyco Lab'ys, Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980); *Stern*, 452 F.2d at 213. For these reasons, the Court will grant Wells Fargo's motion and dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Voluntary Dismissal Without Prejudice, ECF No. 38, is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(a)(2). The Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin on October 29, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge